**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com
         breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

[*Additional counsel on signature page*]

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN STEIJN, ABBAS GOKAL, and JOSEPH PANGANIBAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>ALTERRA MOUNTAIN COMPANY U.S. INC.,<br><br>         Defendant. | Case No. 8:20-cv-755<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Milan Steijn, Abbas Gokal, and Joseph Panganiban ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Alterra Mountain Company U.S. Inc. ("Alterra" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.   Defendant has made the unconscionable decision to retain its millions of customers' passholder fees while closing 100% of its mountain resorts as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.   For the 2019-2020 ski season, Defendant sold two annual passes, the Ikon Pass and the Ikon Base Pass (the "Ikon Pass Products" or "passes"), to costumers in the United States and throughout the world.  Defendant offered holders of Ikon Pass Products access to 40 mountain resort destinations, promising that its passes offer "matchless access" to "the planet's most iconic destinations."[1]

3.   Defendant sold the Ikon Pass Products promising pass holders "unlimited skiing and riding destinations" for many of its resorts and up to 5 or 7 days of skiing at other ones.[2]  To visit Defendant's mountain resorts, consumers

---

[1] https://www.ikonpass.com/en/shop-passes/ikon-pass-2019-2020 (last accessed April 16, 2020) and https://www.ikonpass.com/en/shop-passes/ikon-base-pass-2019-2020 (last accessed April 16, 2020), and https://www.ikonpass.com/en/destinations#moduleDestinationNavigation4 (last accessed April 16, 2020).

[2] https://www.ikonpass.com/en/shop-passes (last accessed April 16, 2020). Ikon Pass purchasers were promised "unlimited access at 14 iconic destinations" and up to 7 days of skiing at its remaining resorts.  https://www.ikonpass.com/en/shop-passes/ikon-pass-2019-2020 (last accessed April 16, 2020), while Ikon Base Pass holders were promised unlimited access at 12 iconic destinations, with limited blackout dates at 4 of these 12 destinations," and up to 5 days of skiing at its remaining resorts. https://www.ikonpass.com/en/shop-passes/ikon-base-pass-2019-2020 (last accessed April 16, 2020).

---

CLASS ACTION COMPLAINT                                                                    1

could have purchased either of the Ikon Pass Products, which range anywhere from $40 to over $1000 depending on the Product and the age of the consumer.

4.      The Ikon Pass Products are tiered.  The Ikon Base Pass provides unlimited access to 12 of Defendant's resorts, subject to "Blackout Dates" during peak holiday times for 4 of these resorts and up to 5 days of skiing at its remaining 28 resorts.[3]  The Ikon Pass grants pass holders unfettered access to 14 of Defendant's resorts with no "Blackout Dates" and up to 7 days of skiing at its remaining 26 resorts.[4]

5.      On March 14, 2020, Defendant announced that it was closing all of its mountain resorts indefinitely.  Defendant initially announced "Alterra Mountain Company will suspend operations at our 15 North American ski resorts, starting the morning of Sunday, March 15, until further notice."[5]  Defendant then stated that "[a]ll Northern Hemisphere Ikon Pass destinations are closed for the 19/20 winter season until further notice."[6]

6.      In response to the indefinite closure of Defendant's resorts, Defendant created a "Covid-19 Update" page where it stated that Defendant has "doubled the renewal discount on 20/21 Ikon Pass products" to "address the shortened 19/20 season."[7]  Instead of offering a refund, Defendant retained the full price of its customers' Ikon Pass Product fees while 100 percent of its mountain resorts remain closed to the public.

7.      Defendant has not refunded any consumers for their lost mountain resort access.  Accordingly, customers who did not have a chance to use all of their

---

[3] https://www.ikonpass.com/en/shop-passes/ikon-base-pass-2019-2020 (last accessed April 16, 2020).

[4] *Id.*

[5] https://www.alterramtnco.com/news/2020/03/14/alterra-mountain-company-closure-announcement (last accessed April 16, 2020).

[6] https://www.ikonpass.com/en/covid-19 (last accessed April 16, 2020).

[7] *Id.*

1    purchased Ikon Pass Products get zero consideration or compensation for their

2    inability to use those unused, purchased days, even if they wanted to.  Subsequently,

3    Defendant has unjustly enriched itself by retaining passholder fees of hundreds of

4    thousands of consumers – while denying passholders access to all of Defendant's

5    mountain resorts.

6           8.     Plaintiffs seek relief in this action individually, and on behalf of all of

7    Defendant's customers nationwide that purchased Ikon Pass Products for the 2019-

8    2020 season who, as of March 15, 2020, had not used up all of the days remaining on

9    their Ikon Pass Products for Defendant's violations of the California Consumer Legal

10    Remedies Act ("CLRA"), Civil Code §§ 1750*, et seq.*, Unfair Competition Law

11    ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus.

12    & Prof. Code §§ 17500, *et seq.*, for breach of express warranties, negligent

13    misrepresentation, fraud, unjust enrichment, money had and received, conversion,

14    and breach of contract.

15                           **PARTIES**

16           9.     Plaintiff Milan Steijn is a citizen of California, residing in Orange

17    County, California.  Mr. Steijn and his wife are annual pass holders of the Ikon Pass

18    Products, specifically of the Ikon Base Pass.  Mr. Steijn purchased the Ikon Base

19    Passes for himself and his wife in April of 2019 and paid $1,398 ($649 per pass).  On

20    March 15, 2020, Defendant closed all of its mountain resorts nationwide.  Defendant

21    has retained the full amount of his annual pass fees even though Plaintiff and his

22    wife do not have access to any of Defendant's resorts.  Further, Defendant has not

23    refunded Plaintiff any part of the annual pass fees for March 15 through the present,

24    when Defendant's resorts were closed (and continue to remain closed).  Plaintiff

25    purchased Defendant's annual passes with the understanding that he and his wife

26    would be able to access Defendant's resorts through July 2020, so long as there was

27    snow on the mountains.  Plaintiff would not have paid for the Ikon Pass Products, or

28    would not have paid for them on the same terms, had he known that he and his wife

---

CLASS ACTION COMPLAINT                                     3

would not have access to any of Defendant's resorts beyond March 15, 2020. Plaintiff continues to face imminent harm, as Defendant retains Ikon Pass Product holders' fees while all of its resorts remain closed.

10.     Plaintiff Abbas Gokal is a citizen of California, residing in Rancho Santa Margarita, California.  Mr. Gokal and his family are annual pass holders of the Ikon Pass Products, specifically of the Ikon Pass.  Mr. Gokal purchased the Ikon Passes for him, his wife, and three children in July of 2019 and paid $2,945 ($1049 per adult pass, $399 per child pass, and $49 per child under 4 pass).  On March 15, 2020, Defendant closed all of its mountain resorts nationwide.  Defendant has retained the full amount of his annual pass fees even though Plaintiff and his family do not have access to any of Defendant's resorts.  Further, Defendant has not refunded Plaintiff any part of his annual pass fees for March 15 through the present, when Defendant's resorts were closed (and continue to remain closed).  Plaintiff purchased Defendant's annual passes with the understanding that he and his family would be able to access Defendant's resorts through July 2020, so long as there was snow on the mountains.  Plaintiff would not have paid for the Ikon Pass Products, or would not have paid for them on the same terms, had he known that he and his family would not have access to any of Defendant's resorts beyond March 15, 2020. Plaintiff continues to face imminent harm, as Defendant retains Ikon Pass Product holders' fees while all of its resorts remain closed.

11.     Plaintiff Joseph Panganiban is a citizen of California, residing in Orange County, California.  Mr. Panganiban and his family are annual pass holders of the Ikon Pass Products, specifically of the Ikon Base Pass.  Mr. Panganiban purchased the Ikon Base Passes for him, his wife, and two children in March of 2019 and paid $2,216 ($619 per adult pass and $489 per young adult pass).  On March 15, 2020, Defendant closed all of its mountain resorts nationwide.  Mr. Panganiban and his wife had yet to use their Ikon Pass Products at all because they were planning on skiing in March and April.  Defendant has retained the full amount of his annual pass

fees even though Plaintiff and his family do not have access to any of Defendant's resorts.  Further, Defendant has not refunded Plaintiff any part of his annual pass fees for March 15 through the present, when Defendant's resorts were closed (and continue to remain closed).  Plaintiff signed up for Defendant's annual passes with the understanding that he and his family would be able to access Defendant's resorts through July 2020, so long as there was snow on the mountains.  Plaintiff would not have paid for the Ikon Pass Products, or would not have paid for them on the same terms, had he known that he and his family would not have access to any of Defendant's resorts beyond March 15, 2020.  Plaintiff continues to face imminent harm, as Defendant retains Ikon Pass Product holders' fees while all of its resorts remain closed.

12.     Defendant Alterra Mountain Company U.S. Inc. is a Delaware corporation, with its principal place of business at 3501 Wazee Street, Suite 400 Denver, CO 80021.  Defendant offers consumers access to over 40 mountain resort locations through its Ikon Pass Products.  Defendant conducts substantial business throughout the United States, and specifically in the state of California.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

14.     This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Defendant is registered to do business in the State of California.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## CLASS ACTION ALLEGATIONS

16.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's customers nationwide that purchased Ikon Pass Products for the 2019-2020 season, who, as of March 15, 2020, had not used up all of the days remaining on their Ikon Pass Products.

17.     Plaintiffs also seek to represent a subclass defined as all members of the Class who purchased the Ikon Pass Products in California (the "California Subclass").

18.     Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

19.     Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

20.     Plaintiffs are members of the Class and California Subclass they seek to represent.

21.     Defendant has hundreds of thousands of customers nationwide that purchased Ikon Pass Products that cannot be used.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

22.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

23.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to Defendant's false and misleading advertising and were charged for their Ikon Pass Product promising mountain access through July 2020 despite being barred from entry into Defendant's resort properties and suffered losses as a result.

24.     Plaintiffs are adequate representatives of the Class because Plaintiffs' interests do not conflict with the interests of the Class members Plaintiffs seek to represent, Plaintiffs have retained competent counsel experienced in prosecuting class actions, and Plaintiffs intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of California's Consumers Legal Remedies Act,
### California Civil Code §§ 1750, *et seq*.
### (Injunctive Relief Only)

26.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

27.     Plaintiffs bring this claim individually and on behalf of members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of members of the proposed California Subclass against Defendant.

28.     Plaintiffs and Class members are consumers who paid fees for use of Defendant's mountain resorts for personal, family or household purposes.  Plaintiffs and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

29.     Defendant's mountain resort access that Plaintiffs and Class members purchased from Defendant was a "service" within the meaning of Cal. Civ. Code § 1761(b).

30.     Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

31.     Defendant's advertising that consumers would have access to all of its ski resorts and that its customers would have access to its ski resorts upon paying a fee is false and misleading to a reasonable consumer, including Plaintiffs, because Defendant in fact closed all of its mountain resorts while continuing to retain the full price consumers' Ikon Pass Products.

32.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection

---

CLASS ACTION COMPLAINT                                                          8

which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresent the particular characteristics, benefits and quantities of the services.

33.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of the services.

34.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

35.     Plaintiffs and the Class acted reasonably when they purchased Defendant's Ikon Pass Products on the belief that Defendant's representations were true and lawful.

36.     Plaintiffs and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on

Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

37.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

38.     Wherefore, Plaintiffs seek injunctive and equitable relief for these violations of the CLRA.

## COUNT II
### Violation of California's Unfair Competition Law,
### California Business & Professions Code §§ 17200, *et seq*.

39.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of members of the proposed California Subclass against Defendant.

41.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

42.     Defendant's advertising that its passholders would have access to its mountain resorts, and that its customers would have access to its mountain resorts upon paying a pass fee is false and misleading to a reasonable consumer, including Plaintiffs, because Defendant in fact closed all of its mountain resorts while continuing to retain the full price of customers' Ikon Pass Products.

---

CLASS ACTION COMPLAINT                                                          10

43.     Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable law as described herein.

44.     Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's advertising of its passes and its retention of pass fees while its mountain resorts are closed is of no benefit to consumers.

45.     Defendant violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would have access to Defendant's mountain resorts.

46.     Plaintiffs and the Class acted reasonably when they signed up for passes based on the belief that they would have access to Defendant's mountain resorts.

47.     Plaintiffs and the Class lost money or property as a result of Defendant's UCL violations because Plaintiffs and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT III
### Violation of California's False Advertising Law,
### California Business & Professions Code §§ 17500, *et seq*.

48.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

---

CLASS ACTION COMPLAINT                                                         11

49.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

50.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

51.     Defendant engaged in a scheme of retaining customers' pass fees while 100 percent of its mountain resorts were closed.  Defendant's advertising and marketing of its passes as providing access its mountain resorts misrepresented and/or omitted the true content and nature of Defendant's services.  Defendant's advertisements and inducements were made in California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the promotional materials were intended as inducements to purchase passes, and are statements disseminated by Defendant to Plaintiffs and Class members.  Defendant knew that these statements were unauthorized, inaccurate, and misleading.

52.     Defendant's advertising that passholders would have access to its mountain resorts and that its customers would have access to its mountain resorts upon paying a passholder fee is false and misleading to a reasonable consumer, including Plaintiffs, because Defendant in fact closed all of its mountain resorts while retaining the full price of customers' Ikon Pass Products.

53.     Defendant violated § 17500, *et seq*. by misleading Plaintiffs and the Class to believe that they would have access to Defendant's mountain resorts through July 2020.

54.     Defendant knew or should have known, through the exercise of reasonable care, that its advertising that customers would have access to its mountain resorts is false and misleading.  Further, Defendant knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it retained all pass fees while all of its mountain resorts were closed.

55.     Plaintiffs and the Class lost money or property as a result of Defendant's FAL violation because Plaintiffs and the Class suffered injuries caused by Defendant because: (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## <u>COUNT IV</u>
### Breach of Express Warranty

56.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

58.     In connection with the sale of passes, Defendant issues an express warranty that customers would have access to its mountain resorts, with the exception of applicable "Blackout Dates."

---

CLASS ACTION COMPLAINT                                                             13

59.     Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiffs and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

60.     Defendant breached its express warranty because Defendant does not provide access to its mountain resorts.  In fact, Defendant has retained the full amount of its pass fees while 100 percent of its mountain resorts are closed.

61.     Plaintiffs and the Class members were injured as a direct and proximate result of Defendant's breach because: Plaintiffs and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT V
### Negligent Misrepresentation

62.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

64.     As discussed above, Defendant misrepresented that customers would have access to its mountain resorts.  However, Defendant in fact retains the full price for passes, even when 100 percent of its mountain resorts are closed to the public.

65.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

66.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about its passes and services.

67.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Defendant's passes.

68.     Plaintiffs and Class members would not have purchased Defendant's passes, or would not have purchased the services on the same terms, if the true facts had been known.

69.     The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

70.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

72.     As discussed above, Defendant misrepresented that customers would have access to its mountain resorts, with the exception of applicable "Blackout

---

CLASS ACTION COMPLAINT                                                    15

Dates."  However, Defendant in fact retains the full price for passes even when 100 percent of its mountain resorts are closed to the public.  These misrepresentations and omissions were made with knowledge of their falsehood.

73.    The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended and actually induced Plaintiffs and Class members to Defendant's passes.

74.    The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## <u>COUNT VII</u>
### Unjust Enrichment

75.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

76.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

77.    Plaintiffs and members of the Class conferred benefits on Defendant by paying, and being charged, pass fees while 100 percent of Defendant's mountain resorts were and remain closed.

78.    Defendant has knowledge of such benefits.

79.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' pass fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers full pass fees while 100 percent of its mountain resorts remain closed. These misrepresentations and charges caused injuries to Plaintiffs and members of the Class because they would not have paid Defendant's pass fees had the true facts been known.

---

80.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
### Money Had and Received

81.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

83.     Defendant received money in the form of pass fees that was intended to be used for the benefit of Plaintiffs and the Class, those pass fees were not used for the benefit of Plaintiffs and the Class, and Defendant has not given back or refunded the wrongfully obtained money and pass fees to Plaintiffs and the Class.

84.     Defendant obtained money in the form of pass fees that was intended to be used to provide unlimited mountain resort access to Plaintiffs and the Class, with the exception of applicable "Blackout Dates."  However, Defendant has retained all of the pass fees while 100 percent of its mountain resorts were and remain closed.

## COUNT IX
### Conversion

85.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

86.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

---

CLASS ACTION COMPLAINT                                                          17

87.    Plaintiffs and members of the Class had a right to retain  portion of their pass fees while all of Defendant's mountain resorts were and remain closed; Defendant intentionally retained the full amount of Plaintiffs' and Class members' pass fees while Defendant's mountain resorts were closed; Plaintiffs and Class members did not consent to Defendant retaining such fees while Defendant's mountain resorts are closed; Plaintiffs and Class members were harmed through Defendant's retention of their pass fees; Defendant's conduct was a substantial factor in causing Plaintiffs and Class members harm.

## COUNT X
### Breach of Contract

88.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

89.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.  Plaintiffs also bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

90.    Defendant entered into contracts with Plaintiffs and Class members to provide access to its mountain resorts in exchange for the payment of pass fees. Defendant has breached these contracts by retaining Plaintiffs' and Class members' full pass fees while 100 percent of its mountain resorts remain closed.  Plaintiffs and Class members have suffered an injury through the payment of pass fees while not having access to Defendant's mountain resorts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

---

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the California Subclass and Plaintiffs' attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiffs, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees (except on the breach of contract count) and expenses and costs of suit.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: April 16, 2020

**BURSOR & FISHER, P.A.**

By: _____ */s/ Blair E. Reed* _____
Blair E. Reed

Yeremey Krivoshey (State Bar No. 295032)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ykrivoshey@bursor.com
          breed@bursor.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

**REICH RADCLIFFE & HOOVER LLP**
Marc G. Reich (State Bar No. 159936)
Adam T. Hoover (State Bar No. 243226)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Email: mgr@reichradcliffe.com
        adhoover@reichradcliffe.com

*Attorneys for Plaintiffs*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Blair E. Reed, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3.      I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Aptos, California this 16th day of April 2020.

*/s/ Blair E. Reed*
Blair E. Reed